In re RIVASTIGMINE PATENT
LITIGATION

No. 1661.

Judicial Panel on Multidistrict Litigation.

Feb. 16, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

*TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of three actions pending, respectively, in the Central District of California, the Northern District of Illinois and the Southern District of New York, as listed on the attached Schedule A. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by Novartis Pharmaceuticals Corporation and the other plaintiffs[1] (collectively Novartis) for coordinated or consolidated pretrial proceedings of these actions in the Southern District of New York. In their motion plaintiffs also suggested the Northern District of Illinois as an alternative choice for transferee district. All defendants—Dr. Reddy's Laboratories, Inc., and Dr. Reddy's Laboratories, Ltd. (collectively Reddy); Sun Pharmaceutical Industries, Ltd. (Sun); and Watson Laboratories, Inc., and Watson Pharmaceuticals, Inc. (collectively Watson)—support 1407 transfer to the Southern District of New York. Sun also agrees to plaintiffs' alternative request for transfer to the Northern District of Illinois, but Reddy and Watson oppose this forum choice.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All three actions involve one or more patents related to rivastigmine tartrate, the active ingredient in the EXELON ® product sold by Novartis. In each action before the Panel Novartis has asserted that a generic product infringes U.S. Patent No. 5,602,176 (the '176 patent) and, in two of the actions, also U.S. Patent No. 4,948,807 (the '807 patent). The actions can thus be expected to share factual and legal questions with respect to the '176 patent, and in some cases the '807 patent, concerning

---

1.  Novartis AG, Novartis Pharma AG, Novartis International Pharmaceutical Ltd., and Pro-    terra AG.

patent validity and related questions such as prosecution laches and inequitable conduct. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to time-consuming and complex matters of claims construction; and conserve the resources of the parties, their counsel and the judiciary.

Given the agreement of all parties to transfer under Section 1407 to the Southern District of New York, this district stands out as an appropriate transferee forum for this litigation. We note that pretrial proceedings are ongoing in the action pending in the Southern District of New York and that the district is also near both a plaintiff and a defendant, which are located in a neighboring state.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Harold Baer, Jr., for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–1661—In re Rivastigmine Patent Litigation*

*Central District of California*

*Novartis Pharmaceuticals Corp., et al. v. Watson Pharmaceuticals, Inc., et al.,* C.A. No. 2:04–7594

*Northern District of Illinois*

*Novartis Pharmaceuticals Corp., et al. v. Sun Pharmaceutical Industries, Ltd.,* C.A. No. 1:04–5477

*Southern District of New York*

*Novartis Pharmaceuticals Corp., et al. v. Dr. Reddy's Laboratories, Ltd., et al.,* C.A. No. 1:04–6045